

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

**FILED**

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

Docket Number: 25-820
Originating Case Number: 2:85-cv-04544-DMG-AGR

Short Title: Flores v. Bondi, et al.

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

You must file a Disclosure Statement (Form 34) within 14 days of this notice if your case: (1) involves a non-governmental corporation, association, joint venture, partnership, limited liability company, or similar entity; (2) is a bankruptcy case; (3) is a criminal case involving an organizational victim; or (4) involves review of state court proceedings. See Ninth Circuit Rule 26-1.1.

**Failure of the appellant to comply with the time schedule order may result in dismissal of the appeal.**

**Please read the enclosed materials carefully.**



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

# TIME SCHEDULE ORDER

Docket Number: 25-820
Originating Case Number: 2:85-cv-04544-DMG-AGR

Case Title: Flores v. Bondi, et al.

**Wednesday, February 12, 2025**

| | |
|---|---|
| Pamela Bondi | Mediation Questionnaire due |
| Kristi Noem | Mediation Questionnaire due |
| United States Department of Homeland Security | Mediation Questionnaire due |
| United States Immigration and Customs Enforcement | Mediation Questionnaire due |
| United States Customs and Border Protection | Mediation Questionnaire due |

**Thursday, February 20, 2025**

| | |
|---|---|
| Pamela Bondi | Appeal Transcript Order Due |
| Kristi Noem | Appeal Transcript Order Due |
| United States Department of Homeland Security | Appeal Transcript Order Due |
| United States Immigration and Customs Enforcement | Appeal Transcript Order Due |
| United States Customs and Border Protection | Appeal Transcript Order Due |

**Monday, March 24, 2025**

| | |
|---|---|
| Pamela Bondi | Appeal Transcript Due |
| Kristi Noem | Appeal Transcript Due |
| United States Department of Homeland Security | Appeal Transcript Due |

| | |
|---|---|
| United States Immigration and Customs Enforcement | Appeal Transcript Due |
| United States Customs and Border Protection | Appeal Transcript Due |

**Thursday, May 1, 2025**

| | |
|---|---|
| Pamela Bondi | Appeal Opening Brief Due |
| Kristi Noem | Appeal Opening Brief Due |
| United States Department of Homeland Security | Appeal Opening Brief Due |
| United States Immigration and Customs Enforcement | Appeal Opening Brief Due |
| United States Customs and Border Protection | Appeal Opening Brief Due |

**Monday, June 2, 2025**

| | |
|---|---|
| Jenny Lisette Flores | Appeal Answering Brief Due |

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief. See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

**Failure of the appellant to comply with the time schedule order may result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**